## Case No. 6,217.

### The HATTIE.

[Blatchf. Pr. Cas. 595.] [1]

District Court, S. D. New York. Jan., 1864.

PRIZE COMMISSIONER — COSTS — COMPENSATION — ACT OF JULY 17, 1862.

1. A charge by the prize commissioner, in his bill of costs, of one per cent. custody fee on the proceeds of the vessel and cargo, disallowed.

---

1 [Reported by Samuel Blatchford, Esq.]

2. The act of July 17, 1862 (12 Stat. 608, § 12), forbids the allowance to a prize commissioner in this district of any larger emolument than a salary of $3,000 a year.

In admiralty.

BETTS, District Judge. This is a case of the adjustment of compensation to Prize Commissioner Elliott, upon facts and circumstances similar to those which existed in the case of The Merrimac [Case No. 9,477]. The prize was arrested off Wilmington, N. C., June 23, 1863, and was sent into this district for adjudication, and here libelled on the 3d of July thereafter. A defence was interposed December 17, 1863, and a final decree in the suit was rendered by the court December 28, 1863. The bill of costs was submitted to the court for adjustment on the 5th of January instant.

In this case, as in that of The Merrimac [supra], the commissioner charges one per centum custody fee, computed upon the joint products of the vessel and cargo, being the sums of $64,146.18 from the cargo, and $2,025 from the vessel. The custody fee amounts to $661.71, and, in addition, there are special items of service which make the whole charge amount to $846.11. The evidence presented in support of the aggregate charge consists of the deposition of the prize commissioner who performed the duties, made on the 5th of January instant, who says "that the bill is true and correct, according to the best of his knowledge, information and belief, and that the charge of $846.11, above mentioned, is not more than a just and suitable compensation for his services in the cause, as he verily believes"; and of the consent in writing of the United States district attorney, that the bill be taxed at the sum of $846.11. The charges claimed in the bills of the United States prize commissioners for services performed prior to the act of congress of July 17, 1862, were assessed provisionally by the court, subject to adjustment and payment at the treasury, pursuant to the laws of congress in relation to indeterminate claims against the government, the bills almost universally claiming repayment of disbursements or liabilities, as well as conjectural valuations of official acts not identified by proofs as specific performances. The act of July 17, 1862 (12 Stat. 608, § 12), having forbidden the salary to a prize commissioner to be increased in any case, under any of the prize acts, so as to exceed $3,000, I feel constrained to refrain from sanctioning items in his claim of costs which must presumptively enhance his compensation beyond that maximum. The consent of the district attorney cannot dispense with the limitation of the statute. I must, therefore, in this case, upon the evidence before me, decline to allow the charge of $661.71, or any part of this sum, for custody fees in this suit. Both bills will be approved by the court, if the approval is asked for by the

commissioners, after these deductions are made.

The observations made by the court in the case of The Merrimac apply with like effect to the same items of charge in this case. The two bills are corrected, accordingly, in this taxation or allowance, upon the reasons more fully stated in that case.